UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CANDACE ELMER,<br><br>　　　　Defendant. | Case No. CR-07-286-N-EJL<br><br>ORDER DENYING MOTION TO WITHDRAW PLEA OF GUILTY |

This matter comes before the court on Defendant's Motion to Withdraw Plea of Guilty (Dkt. 98) and on Order Referring Motion to the undersigned Judge (Dkt. 104). The court is familiar with the records and files herein, all documents filed in support of, and in opposition to, the motion, and the events of the Change of Plea Hearing held on 18 August 2008. The court, in particular, considered the Rule 11 Plea Agreement (Dkt. 70), the transcript of the Plea hearing (Dkt. 99-2), Defendant's submissions relating to the motion (Dkts. 98, 99 & 100), the plaintiff's submissions relating to the motion (Dkts. 105 &106). The court is fully advised.

Curiously, the Defendants "Declaration"Re: Withdrawal of Guilty Plea (Dkt. 100) is not under oath. Nevertheless, the court has considered this document, for purposes of the pending motions, as though it was under oath.

The law to be applied to this motion is well set out in Federal Rule of Criminal Procedure

[Name of Order] - 1

11(d)(2)(B) and in *United States v. Reyna-Tapia*, 328 F.3d 1114 1127, (9th Cir. 2003), and in the Memoranda of the parties and need not be repeated in detail here.  Suffice it to say that the court must determine whether there is a fair and just reason for withdrawal of the plea, and in making that determination, the court must consider the totality of the circumstances, including 1) the quality of counsel during the plea, 2) whether the plea was knowing and voluntary, 3) whether judicial resources would be conserved, 4) the Defendant's assertion of innocence, 5) whether the government would be prejudiced by the withdrawal of plea, 6) whether there is a lack of factual basis for the plea, 7) the amount time between plea and motion, 8) the reason for failing to withdraw the plea earlier, and 9) the legal and factual innocence of the defendant.

The court will address each of these considerations:

1. The quality of counsel during the plea: As reflected in the transcript of the plea hearing, defendant was satisfied with counsel at that time. (*See* Dkt. 99-2, page 10 at lines 21-24).  The plea hearing went from 1:33 p.m. to 1:00 p.m., with recesses to give defendant opportunity to further read documents and confer with counsel, and also with pauses in court for those purposes.  The complaints about counsel made now in defendant's declaration do not show that her counsel was deficient.

2. Whether the plea was knowing and voluntary: The transcript of the Plea Hearing (Dkt. 99-2) reflects that defendant understood her rights and her position in the case, and that she made a knowing and voluntary plea.  Her claim - made only by counsel - that she was "heavily medicated" at the hearing is belied by defendant's testimony at the hearing (*see* Dkt. 99-2, page 9 at lines 23-25, and at page 10, lines 1-5).

3) Obviously, judicial resources are conserved by pleas such as this.

4) & 9) Defendant's innocence: In her declaration (Dkt. 100), defendant does not claim actual or legal innocence.

[Name of Order] - 2

5) Prejudice to the plaintiff: Clearly, it wold be costly to the plaintiff, in time and money to re-prepare the case for trial. Whether the delay would cause a loss of testimony or evidence is unclear.

6) Whether there is a factual basis for the plea: First, defendant, under oath, indicated that she read and thoroughly studied the indictment , and discussed the charges with counsel (Dkt. 99-2, page 10 at lines 6-20). She then pled guilty to Count One "as set forth in the indictment" . . . "a charge of conspiracy to execute a scheme to defraud a health care benefit program." Dkt. 99-2, page 18 at lines 18-23. This plea occurred after defendant had read, discussed and signed the plea agreement, which contained the elements of the crime (Dkt. 70 at page 3).

Second, in securing a factual basis for the plea, the court used the device of confirming that the defendant read and understood the factual basis set forth in the plea agreement, and asking if that portion of the plea agreement was true. While defendant's responses were somewhat confusing, she indicated that that section of the plea agreement (Dkt. 70, page 3, sec. III B, <u>Factual Basis</u>) was only partially not true. She identified those portions she did not agree with - the last three paragraphs of III B. Those three paragraphs were dealt with as part of the plea colloquy (Dkt. 99-2, pages 20-31). The court found defendant's testimony to be sufficient without the three questioned paragraphs, and concluded that "there's sufficient evidence in the record now based on her testimony that contains each of the essential elements of the offense charged in Count One." (Dkt. 99-2, page 31, line 25 through page 32, line 3.) Defendant's claim that she only "pled guilty to not overseeing the business better and keeping a closer eye on what others were doing" ignores her testimony that the factual basis for the plea as set forth in the plea agreement was true except for only the last three paragraphs of section III B.

[Name of Order] - 3

1   7) &8) The time between the plea and the motion, and why the motion was not made earlier:

2   The plea was accepted on 18 August 2008, (Dkt. 70).  The motion to withdraw the

3   plea was made on May 21, 2009 (Dkt. 98) - a period of some nine months.

4   Defendant offers no reason for the delay in making the motion.

5   It appears from the records before the court and, based on the foregoing analysis, that there is

6   no fair and just reason to grant Defendant's Motion to Withdraw Guilty Plea.  Therefore, it is now

7   ORDERED that Defendant's Motion to Withdraw Guilty Plea (Dkt. 98) is hereby DENIED.

8   The Clerk is directed to send uncertified copies of this Order to all counsel of record and to

9   any party appearing *pro se* at said party's last known address.

10   DATED this 30TH day of June, 2009.

_____
Robert J Bryan
United States District Judge

[Name of Order] - 4